CATHERINE McNAMARA, APPELLANT, v. METROPOLITAN LIFE INSURANCE COMPANY, RESPONDENT.

Submitted February 15, 1946—Decided April 25, 1946.

For the appellant, *John F. Lynch, Jr.*

For the respondent, *John P. Nugent.*

The opinion of the court was delivered by

PARKER, J. The determinative question in this case is whether there should have been a double recovery on the theory "that the death of the insured" resulted, independently of all other causes, from bodily injuries caused "solely by external, violent, and accidental means." The trial court awarded the double recovery, but the Supreme Court reversed (133 *N. J. L.* 48), and the plaintiff appeals.

We think the Supreme Court was entirely right not only on the ground which it invoked, but also on another ground. What happened in regard to the death was that the deceased, in the act of sitting at the counter in a restaurant, sat on a package which belonged to another man who happened to be a pugilist. The pugilist protested and the insured assaulted the pugilist in the restaurant. The proprietor put both men out and they finished their fight on the sidewalk. The fight ended with a blow by the pugilist which resulted in the death of the deceased.

The policy provides that there shall be no double indemnity if the death is the result of participation in an assault or felony. The Supreme Court seems to have relied on this clause, and we think properly, but we think also that an affirmance may well be rested on the further ground that while death was due to external and violent means, it was not due to any accidental means. When two men go out on the sidewalk to indulge in fisticuffs, we are unable to see how there can be any accident involved in the fact that the fatal blow was struck in the course of the fight. So on either or both grounds there should be an affirmance.

*For affirmance*—THE CHANCELLOR, PARKER, DONGES, HEHER, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, JJ. 11.

*For reversal*—None.